# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MERCEDES WOLFF,

      Plaintiff,

 -against-

TEXAS ROADHOUSE HOLDINGS LLC,

      Defendant.
-----------------------------------------------------------------X

Index No.

Date Filed:

Plaintiff designates:
NEW YORK County as the place of trial

The basis of venue is:
Plaintiff's Residence

**S U M M O N S**

Plaintiff's address:
8 Colonel Robert Magaw Place,
New York, NY 10033

To the above named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bronx, New York
    October 26, 2021

              **PEÑA & KAHN, PLLC**
              Attorneys for Plaintiff
              Office & P. O. Address
              1250 Waters Place, Ste. 901
              Bronx, New York 10461
              (718) 585-6551
              **Our File No.: 09033**

          By: _____
             L. DAVID RAHMANAN

Defendant's Address:

Texas Roadhouse Holdings LLC
181 Huguenot Street
New Rochelle, NY 10801

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MERCEDES WOLFF,

                              Plaintiff,

  -against-

TEXAS ROADHOUSE HOLDINGS LLC,

                              Defendant.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

        Plaintiff, by her attorneys, PEÑA & KAHN, PLLC, complaining of the defendant, all upon information and belief, respectfully states and alleges as follows:

1. That at all times herein mentioned, the plaintiff was a resident of the County of New York, and State of New York.

2. That the occurrence which gave rise to this cause of action took place in the County of Westchester, and State of New York.

3. That at all times herein mentioned, defendant TEXAS ROADHOUSE HOLDINGS LLC, (hereinafter referred to as "TEXAS ROADHOUSE") was a domestic corporation duly organized and existing under and by the virtues of the laws of the State of New York.

4. That at all times herein mentioned, defendant TEXAS ROADHOUSE was a foreign corporation duly authorized to do business within the State of New York.

5. That at all times herein mentioned, defendant TEXAS ROADHOUSE was a partnership transacting business in the State of New York.

6. That at all times herein mentioned, defendant TEXAS ROADHOUSE was a business entity doing business within the State of New York.

7. That on July 7, 2021, defendant TEXAS ROADHOUSE was the owner of the subject premises located at 181 Huguenot Street, New Rochelle, New York 10801.

8. That on said date, defendant TEXAS ROADHOUSE was a lessor of the subject premises.

9. That on said date, defendant TEXAS ROADHOUSE was a lessee of the subject premises.

10. That on said date, defendant TEXAS ROADHOUSE occupied the subject premises.

11. That on said date, defendant TEXAS ROADHOUSE managed the subject premises.

12. That on said date, defendant TEXAS ROADHOUSE acted as managing agent of the subject premises.

13. That on said date, defendant TEXAS ROADHOUSE controlled the subject premises.

14. That on said date, defendant TEXAS ROADHOUSE maintained the subject premises.

15. That on said date, defendant TEXAS ROADHOUSE was responsible for the maintenance and repairs of the subject premises.

16. That on said date, defendant TEXAS ROADHOUSE was responsible for inspecting the subject premises.

17. That on said date, defendant TEXAS ROADHOUSE operated a steakhouse on the subject premises.

18. That on said date the defendant, its agents, servants and/or employees, reserved to themselves the right and duty of general supervision, maintenance, operation and control, at the aforesaid location and premises, and did in fact exercise such right of supervision, maintenance, operation and control.

19. That on said date and place, the defendant had charge of the subject premises, and it was the duty of said defendant, its agents, servants and/or employees to use reasonable care and diligence in the management, operation, care and maintenance of the subject premises and to make any and all necessary markings, warning, repairs thereto, for the purpose of keeping the same in a reasonably safe condition for persons lawfully thereat.

20. That on July 7, 2021, while the plaintiff was lawfully and carefully proceeding over, along and upon the subject premises, plaintiff was caused to fall due to a dangerous, defective, and hazardous condition thereat, causing plaintiff to sustain severe and grievous personal injuries with attendant special damages.

21. That on said date and at all times mentioned herein, the plaintiff would not have fallen within the subject premises in the absence of negligence on the part of the defendant.

22. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendant, its agents, servants, independent contractors and/or employees, in that they negligently caused, allowed and permitted the subject premises to be, become and remain in a defective, dangerous, and hazardous condition so that a trap existed on the subject premises, endangering the life and limb of persons lawfully thereat.

23. That upon information and belief, at all times herein mentioned, the defendant, its agents, servants, independent contractors and/or employees had actual and/or constructive notice of the aforesaid dangerous and defective condition and/or created the dangerous condition.

24. That upon information and belief, at all times herein mentioned, the defendant, its agents, servants, independent contractors and/or employees had actual and/or constructive notice of the aforesaid chronic and recurrent condition.

25. That on said date and at all times mentioned herein, the subject premises was within the exclusive control of the defendant.

26. That the said occurrence and the injuries resulting therefrom were caused and/or precipitated by reason of the negligence and carelessness of the defendant, its agents, servants, independent contractors and/or employees solely and wholly as a result of the negligence of the defendant herein and without any negligence on the part of the plaintiff contributing thereto.

27. That this action falls within one or more of the exceptions contained in CPLR § 1602.

28. That this actions falls under the doctrine of *res ipsa loquitur*.

29. That by reason of the foregoing the plaintiff sustained severe injuries to various parts of plaintiff's body; that plaintiff suffered and will continue to suffer for some time to come great pain and anguish in body and mind; that plaintiff received necessary hospital care and attention for a long period of time; that plaintiff necessarily received and will continue to receive medical treatment and medicines for which expenses have, are and will continue to be incurred; that as a result of the

injuries sustained by plaintiff, plaintiff may, in the future, require further hospital and medical care and attention; that plaintiff has been unable to return to plaintiff's usual duties and occupation as plaintiff had theretofore done and, upon information and belief, plaintiff's injuries are permanent, protracted and disabling in nature all to plaintiff's damage as against the defendant in a sum which exceeds the jurisdictional limits of all lower courts of the State of New York.

**WHEREFORE**, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of the lower courts of the State of New York, and in an amount which satisfies diversity jurisdiction of the Federal Courts pursuant to 28 USCA § 1441 and 1331 together with the costs and disbursements of this action.

Dated: Bronx, New York
      October 26, 2021

      Yours, etc.,

**PEÑA & KAHN, PLLC**
Attorneys for Plaintiff
Office & P. O. Address
1250 Waters Place, Ste. 901
Bronx, New York 10461
(718) 585-6551
**Our File No.: 09033**

By: _____
      L. DAVID RAHMANAN

## **VERIFICATION**

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF BRONX      )

    I, the undersigned, an attorney duly admitted to practice law in the State of New York, state that I am a member of the firm PEÑA & KAHN, PLLC, attorneys of record for the PLAINTIFF, in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe to be true. The reason this verification is made by me and not by the plaintiff is that the plaintiff is not domiciled in the County in which this firm maintains its office.

    The grounds of my belief as to all matters not stated upon my knowledge, are as follows: entire file maintained in your deponent's offices, investigations, etc.

    I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Bronx, New York
       October 7, 2021

_____
L. DAVID RAHMANAN

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK**

Index No.

**MERCEDES WOLFF,**

                              **Plaintiff,**

    **-against-**

**TEXAS ROADHOUSE HOLDINGS LLC,**

                              **Defendant.**

### SUMMONS AND VERIFIED COMPLAINT

**PEÑA & KAHN, PLLC**
**Attorneys for Plaintiff**
**Post Office Address and Telephone**
**1250 Waters Place, Suite 901**
**Bronx, New York 10461**
**Tel: (718) 585-6551**
**Fax: (718) 585-6618**

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous

                              **L. DAVID RAHMANAN, ESQ.**
                              **PEÑA & KAHN, PLLC**

[ ] <u>Notice of Entry</u>
that the within is a (certified) true copy of a
duly entered in the Office of the Clerk of the within named court on           20

[ ] <u>Notice of Settlement</u>
that an order                of which the within is a true copy
will be presented to the Hon.           one of the judges of the within court at

on         20    at    M.

Dated:                                     Yours, etc.

                                   **PEÑA & KAHN, PLLC**
                                   **1250 Waters Place, Suite 901**
                                   **Bronx, New York 10461**