

| | |
|---|---|
| 1500 Broadway, Suite 2401 | T(929) 342-6000 |
| New York, NY 10036 | F(929) 342-6001 |

October 31, 2022

**VIA ECF ONLY**

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Direct Dial: (516) 204-6510
Email: saster@wglaw.com

    *Re:*    ***Mercedes Wolff v. Texas Roadhouse***
            **USDC/SDNY**
            **File No. 0117307**
            **21 Civ. 11118(PAE)(RWL)**

Dear Judge Engelmayer:

       This office represents Defendant Texas Roadhouse Holdings LLC (hereinafter "TXRH") in the above matter. We write jointly on behalf of Plaintiff and Defendant to respectfully request a conference in order to address outstanding discovery issues in this case.

       On October 6, 2022, we produced Thomas Gunther, general manager for the New Rochelle TXRH, for deposition. Mr. Gunther was employed in this capacity on the date of Plaintiff's incident and present at TXRH at the time of incident. Though he did not witness Plaintiff's incident, he completed and submitted an incident report following the event and was generally familiar with TXRH reporting protocols. Following the deposition of Mr. Gunther, Plaintiff's counsel requested a further deposition of the Defendant. Specifically, counsel requested testimony of an individual who is part of TXRH risk management and/or the loss prevention team. Our understanding is that Plaintiff's counsel seeks a witness who can testify to the compilation of prior accident data that TXRH had previously produced and the "notice" component of Plaintiff's case.

       We have since objected to Plaintiff's counsel's request as the issue of notice is not a contested issue. Defendant has already provided an extensive list of prior similar accidents at other Texas Roadhouse locations. Further, we do not believe that Plaintiff is entitled to proprietary information on how Texas Roadhouse compiles its data within its database, as how the data is compiled is irrelevant to the issues at hand.

*Re: Mercedes Wolff v. Texas Roadhouse*
Page 2

The parties respectfully jointly request that the Court schedule a conference to address the above detailed discovery issues.

We thank Your Honor for your consideration.

Respectfully submitted,

*/s/ Samantha Aster*

Samantha Aster, Esq.

Copies via ECF to:

Eric J. Gottfried, Esq.
1250 Waters Place, Suite 901
Bronx, New York 10461

After careful review, the Court, in its discretion, denies plaintiff's further discovery request. Federal Rule of Civil Procedure 26(b)(1) provides broad discretion for district courts to determine the scope and process of discovery regarding non-privileged matter that "is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 398–99 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 26(b)(1)). This case's facts are limited to one incident in one Texas Roadhouse Restaurant. Defendant has already provided plaintiff with its prior accident data, and a deposition as to its methodology in compiling that data is neither proportional nor directly relevant to whether defendant was negligent with regard to the July 7, 2021 incident at issue in this case.

The parties' request for a conference is denied, and the Clerk of the Court is respectfully requested to close the motion pending at docket 39. SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
November 1, 2022